**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIE MAE ROBINSON,<br>Appellant, | DOCKET NUMBER<br>AT-0432-10-0558-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>Agency. | DATE: January 23, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willie Mae Robinson, Canton, Mississippi, pro se.

Aryeh Rosenfield, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her March 5, 2010 removal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant was employed as an Internal Revenue Agent, GS-11, with the agency's Internal Revenue Service. Initial Appeal File (IAF), Tab 5 at 14. On February 5, 2009, the appellant's first-line supervisor placed the appellant on a 60-day performance improvement plan (PIP), during which time she was to complete specific tasks to demonstrate at least a minimally successful level of performance. *Id.* at 68-78. On October 14, 2009, the appellant's manager notified the appellant that she failed to perform as required on the PIP, and she proposed the appellant's removal for unacceptable performance. *Id.* at 39-49. After the appellant responded to the proposal, the deciding official issued a decision removing her effective March 5, 2010. *Id.* at 17-19.

¶3    The appellant filed this appeal of her removal. IAF, Tab 1 at 3-4, 28. She also filed a motion to compel the agency's responses to some of her written discovery requests, including interrogatories 23 and 24, in which she sought information related to her performance leading up to the agency's decision to place her on a PIP. IAF, Tab 12 at 3-4. The administrative judge denied the appellant's motion as to these interrogatories, reasoning that "[t]he issue of whether the appellant should have been placed on a PIP [was] not relevant" to the appeal. IAF, Tab 15 at 1. The administrative judge reiterated during a subsequent telephonic status conference, and in her order summarizing the conference, that the appellant's performance at times other than while on the PIP "generally, is not material or relevant" to her removal under chapter 43. IAF, Tab 21 at 2.

¶4    On September 23, 2010, the appellant, her attorney, and the agency's representative appeared for a hearing. IAF, Tab 38, Hearing Compact Disc (HCD), Tab 40, Initial Decision (ID). Before the hearing could begin, the parties reached an oral agreement. HCD; ID at 1. The recording of the September 23,

2010 hearing reveals that the administrative judge indicated she would dismiss the appeal as settled after she received the written settlement agreement. HCD.

¶5      On October 8, 2010, the parties entered into a signed, written settlement agreement, in which the appellant agreed to withdraw her appeal with prejudice. IAF, Tab 39 at 3. The administrative judge issued an initial decision dismissing the appeal as settled and entering the settlement agreement into the record for enforcement purposes. ID. The initial decision stated that it would become final on November 18, 2010, unless a petition for review was filed by that date. ID at 2. The initial decision was sent to the appellant by U.S. mail and to her attorney by electronic mail, on October 14, 2010. IAF, Tab 41. Neither party filed a petition for review before the finality date.

¶6      On December 21, 2021, the appellant mailed the instant petition for review to the Board.[2] Petition for Review (PFR) File, Tab 1 at 16. The Acting Clerk of the Board advised the appellant that her petition for review appeared to be untimely. PFR File, Tab 2 at 1-2. She informed the appellant that she could file a motion to accept her petition as timely filed or to waive the time limit. *Id.* at 1-2, 7-8. The appellant has filed a responsive motion. PFR File, Tab 3. After the deadline set by the Acting Clerk, the agency responded to the petition for review.[3] PFR File, Tab 5.

---

[2] Although the appellant was represented by an attorney below, she has indicated on review that she is representing herself. Petition for Review (PFR) File, Tab 3 at 1.

[3] The agency has moved for acceptance of its response as timely and for waiver of the time limit for good cause. PFR File, Tab 7. We find it unnecessary to rule on the agency's motion because, regardless of its response, we agree that the appellant's petition for review was untimely filed without good cause.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review was untimely filed.

¶7        A petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on October 14, 2010, and in the absence of a timely petition for review, it became final on November 18, 2010. IAF, Tab 40. According to the postmark on the envelope in which the appellant mailed her petition for review, she filed it on December 12, 2021. PFR File, Tab 1 at 16; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by mail is determined by the postmark date). Thus, the petition for review was filed over 11 years late.

¶8        On review, the appellant alleges that neither she nor her former attorney was provided with a copy of the initial decision. PFR File, Tab 1 at 1, Tab 3 at 4-5. She maintains that she contacted the Board and other entities multiple times for over a decade requesting a copy of her file and a hearing concerning her removal. PFR File, Tab 3 at 4. She asserts the Board denied her requests. PFR File, Tab 1 at 1. She states that in 2021, the Board finally gave her electronic access to the file on her appeal. *Id.*

¶9        Documents served electronically are deemed to have been received on the day of electronic submission. 5 C.F.R. § 1201.14(m)(2). The appellant submitted a sworn statement on review that her attorney was not "provided" with a copy of the initial decision. PFR File, Tab 3 at 3-4. However, the certificate of service for the decision shows the appellant's representative at the time, who was an attorney, was served electronically on October 14, 2010. IAF, Tab 6 at 1, Tabs 26, 41. Therefore, as an electronic filer, he is deemed to have received the initial decision on October 14, 2010, whether he did so or not. *See, e.g.*, *Morton v. Department of Veterans Affairs*, 113 M.S.P.R. 365, ¶¶ 6-7 (2010); *Lima v.*

*Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006). Even assuming, as the appellant asserts on review, her attorney was not "provided" with the initial decision, he was responsible for monitoring case activity in the Board's e-Appeal Online system, and he is deemed to have received the decision when it was issued. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 37 n.12. Likewise, the appellant would be deemed to have received the initial decision the same day, as service on a party's designated representative is imputed to the party. *Lima*, 101 M.S.P.R. 64, ¶ 5. Therefore, the Board may infer that both the appellant and her former attorney received the initial decision on October 14, 2010, and her petition for review was untimely filed by over 11 years.

The appellant did not provide good cause for the delay in filing the petition for review.

¶10        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 7 (2009); 5 C.F.R. §§ 1201.113(d), 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The Board should consider the "'length of the delay' in every good cause determination." *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

¶11     The appellant has not demonstrated good cause for the delay in filing her petition for review. Importantly, her 11-year delay is far from minimal. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004) (finding a 14-day delay in filing a petition for review not minimal). Moreover, the appellant was represented by counsel. In fact, her attorney wrote a letter on her behalf to a U.S. Representative on October 20, 2010, shortly after the initial decision was issued. PFR File, Tab 1 at 3-4.

¶12     The appellant indicated she filed her petition for review after the Board gave her electronic access to her file because she realized upon receiving the initial decision that the agreement was the result of fraud.[4] PFR File, Tab 1 at 1-2. The appellant appears to argue that the administrative judge induced her into settling her appeal by advising her that she could not challenge the agency's decision to place her in a PIP. *Id.* Newly discovered evidence that a settlement agreement is invalid for reasons such as fraud, coercion, or mutual mistake can establish good cause for an untimely petition for review, and in such cases the question of good cause and the underlying issue of the validity of the settlement agreement largely overlap. *Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶¶ 7-8 (2009). However, the administrative judge did not engage in fraud

---

[4] The appellant also alleges that the Board engaged in fraud when it responded to an inquiry from a U.S. Senator regarding her appeal. PFR File, Tab 1 at 1. The appellant provided an April 2021 letter from the Senator to the appellant, to which the Senator attached the initial decision from a prior appeal filed by the appellant, *Robinson v. Department of the Treasury*, MSPB Docket No. AT-3443-04-0102-I-1, Initial Decision (Jan. 29, 2004). PFR File, Tab 1 at 1, 10-15. The appellant alleges that the Board engaged in fraud because she had inquired with the Senator regarding the instant appeal. *Id.* at 1. We decline to find that the Board's alleged actions were intentional or that they present circumstances beyond the appellant's control that might excuse her failure to timely file her petition for review in the instant appeal. *See Odoh v. Office of Personnel Management*, 2022 MSPB 5, ¶¶ 6, 9 (finding in a suitability action that a charge of material, intentional false statement, or deception or fraud in examination or appointment required the Office of Personnel Management to prove that the appellant knowingly provided wrong information with the intention of defrauding, deceiving, or misleading his employing agency).

when correctly advising the appellant regarding the state of the law then applicable to chapter 43 appeals.

¶13    With her petition for review, the appellant attached her former attorney's October 20, 2010 letter, in which he argued that the only issue he would have been allowed to present to the Board was "whether or not [the appellant] successfully performed during the PIP." PFR File, Tab 1 at 3-4. He asserts he should have been able, but would not have been allowed, to show that the agency violated its own policies when it placed the appellant on a PIP despite her fully successful performance rating. *Id.* This letter makes clear that the inability to present these claims was his reasoning for advising the appellant to settle with the agency. *Id.* at 3. The attorney's recitation of his understanding of the law applicable to chapter 43 removal cases was correct at the time the October 14, 2010 decision was issued. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶¶ 13-14. The record confirms that the administrative judge provided this information both in denying the appellant's motion to compel and in identifying the issues for the hearing. IAF, Tab 15 at 1, Tab 21 at 2. However, because it was an accurate representation of the case law at the time, it was not misleading. *Brown v. Department of the Navy*, 71 M.S.P.R. 451, 454 (1996) (explaining that a correct statement by an administrative judge as to the scope of the Board's review did not constitute misleading information).

¶14    In a few cases, the Board has cited intervening legal precedent as good cause for an untimely filed petition for review. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 12. In March 2021, over 10 years after the administrative judge issued her initial decision in the instant appeal, the U.S. Court of Appeals for the Federal Circuit issued its decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021). In *Santos*, 990 F.3d at 1360-61, 1363, the court held that, in addition to the other elements of an agency's burden of proof under chapter 43, the agency also must justify the

institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.

¶15        Although the appellant did not cite to the *Santos* decision in her petition for review, we have considered here whether the *Santos* decision has changed the law in a manner that could have impacted the adjudication of her case. *Santos* constitutes a change in law that could materially affect the appellant's removal appeal. However, although that decision may otherwise satisfy the "unusual circumstances" standard, the appellant fails to demonstrate that she exercised due diligence regarding her case, and therefore we are not motivated to reopen her appeal. *Alonzo*, 4 M.S.P.R. at 184. Overall, the 11-year time period that elapsed between the Board's initial decision and the date of the appellant's petition for review is more than the Board is generally inclined to accept. *Special Counsel v. Greiner*, 119 M.S.P.R. 492, 495 (2013) (denying a request to reopen an appeal 15 months after the Board issued its decision).

¶16        Additionally, the fact that the appellant settled her case, rather than litigated it, provides a very strong reason not to reopen this case. Generally, an employee's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence. *Brown*, 71 M.S.P.R. at 453-54. In settling her appeal, the appellant agreed to "withdraw[] with prejudice . . . the appeal to the . . . Board. IAF, Tab 39 at 3. Further, public policy favors settlements. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 12-13, 17 (2017).

¶17        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.