UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FRANCISCO E. PRINCE,<br>        Appellant, | DOCKET NUMBER<br>CH-0731-18-0192-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: February 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eustace A. Prince, Waukegan, Illinois, for the appellant.

Steve Newman, Esquire, New York, New York, for the appellant.

Darlene M. Carr, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management (OPM)'s decision to find the appellant unsuitable for Federal employment, direct his employing agency to terminate him from his Federal position, cancel his reinstatement eligibilities and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

other eligibilities, and debar him from Federal employment in covered positions for a period of 3 years. On petition for review, the appellant challenges the administrative judge's decision to affirm OPM's negative suitability determination, arguing that OPM failed to prove charges 1 and 2.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's request to present new argument, supplement the administrative judge's discussion of the evidence in support of charge 1, and VACATE her analysis of the Board's jurisdiction to review suitability actions taken against tenured Federal employees, we AFFIRM the initial decision.

<u>We decline to consider the appellant's new arguments that he raises on review.</u>

On review, the appellant requests that the Board consider his new arguments because his attorney representative was unable to submit a closing brief due to unforeseen "technological" and "computer hardware" problems. Petition for Review (PFR) File, Tab 1 at 2, 8. A substantial portion of the appellant's arguments are raised below and based on evidence already in the record; therefore, they are not a basis for granting the petition for review.

*See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (providing that evidence that is already a part of the record is not new).

As to the appellant's new arguments, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). He has not made such a showing. Further, the error of his representative does not excuse his failure to raise his arguments below. The appellant has not explained the nature of the technological problems or how they prevented his representative from requesting an extension or submitting his brief before the initial decision's issuance, especially considering that the administrative judge extended the close of the record several times. Initial Appeal File (IAF), Tab 7 at 6, Tabs 12, 15, 17; *see, e.g., Strickler v. Office of Personnel Management*, 51 M.S.P.R. 354, 357 (1991) (declining to consider the agency's arguments raised for the first time on review because it failed to sufficiently explain why its representative was unable to raise those arguments below). The appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Accordingly, we decline to consider the appellant's arguments raised for the first time on review.[2]

_____

[2] The appellant also appears to raise an affirmative defense of race discrimination. PFR File, Tab 1 at 11-12. We find that the appellant, who has been represented by both an attorney and non-attorney, waived or abandoned this claim because he did not raise any substantive arguments below on this issue in his pleadings; he did not object to the administrative judge's order that did not include this affirmative defense as an issue on appeal, despite being apprised of the consequences of such failure; and he offers no more substantive argument on this issue on review. PFR File, Tab 1 at 11-12; IAF, Tab 1 at 37, Tab 7; *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth the factors for considering whether the appellant waived or abandoned his affirmative defense, such as the thoroughness and clarity with which the appellant raised his affirmative defense, the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it, and whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear).

The administrative judge properly sustained charge 1.

On review, the appellant reasserts that the signed statement he made during the Navy Exchange (NEX)'s investigation into his misconduct was coerced; denies that he received or assisted his coworker in receiving unauthorized discounts; and argues that the agency's circumstantial evidence, which consisted of inadmissible hearsay, was insufficient to prove the charge.[3]  PFR File, Tab 1 at 6-11.  We find these arguments unavailing.

The Board has found that when an appellant repudiates, under oath, his unsworn extrajudicial statement made in a custodial situation, due process requires the agency to submit independent evidence in support of the charge. *Wohlwend v. Department of Health and Human Services*, 16 M.S.P.R. 458, 461 (1983); *cf. Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (finding that an appellant's unrecanted admissions may suffice as proof of a charge without additional proof from the agency).  Here, however, the appellant swore under penalty of perjury that he engaged in the misconduct.  IAF, Tab 6 at 96.  Even so, OPM submitted corroborating evidence in support of the charge. *See Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 549 (1994) (explaining that, when the agency submits corroborative evidence in support of its charge, the Board may properly consider an appellant's unsworn recanted admission, including whether the recantation is credible or not, as one of the pieces of evidence against him), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995).

In addition to the NEX statement, OPM submitted the NEX report prepared by the Loss Prevention Officer (LPO) assigned to the matter.[4]  IAF, Tab 6

---

[3] The appellant reasserts that NEX violated his constitutional rights, including his First and Fifth Amendment rights, and "E.E.O. [r]ights" when it interviewed him.  PFR File, Tab 1 at 11; IAF, Tab 1 at 37.  Absent further clarification as to the nature of those claims, we construe the appellant's argument as a general assertion that his due process rights were violated.

[4] While some of the evidence in support of charge 1 is hearsay, as the appellant argues, PFR File, Tab 1 at 8, hearsay evidence is admissible in Board proceedings, and the assessment of the probative value of such evidence depends on the circumstances of each case.  *See Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶15

at 88-96. The report included a printout from NEX's system reflecting the sale and the application of the unauthorized discount on the boots and indicated that, during a separate interview, the appellant's coworker identified him as a participant in the discount scheme. *Id.* at 92. Contrary to the appellant's argument otherwise, there is no indication his coworker benefited from his statement implicating the appellant, as he admitted to engaging in the misconduct and apparently was removed as a result. PFR File, Tab 1 at 8; IAF, Tab 1 at 38. The record reflects that the appellant made a verbal statement to the NEX Loss Prevention/Safety Supervisor (LP/S), which the LP/S memorialized in the written statement that the appellant signed and swore, under penalty of perjury, was accurate. *Id.* at 90, 96, 106. Later that day, the appellant confirmed to another management official, the NEX Softline Divisional Manager, that his statement was accurate. *Id.* at 3. Although the appellant now denies that he had any participation in creating the signed statement, the accuracy of the statement, and engaging in the misconduct, PFR File, Tab 1 at 6-12, he does not contest the two verbal statements. We therefore find that those verbal statements are credible and corroborate his signed statement.

When compared to the consistent statements the appellant made during the NEX investigation, his subsequent repudiations are not credible. *See generally Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (explaining that an administrative judge may consider a witness's prior inconsistent statements in resolving credibility issues). The appellant did not respond to NEX's January 2015 termination action, but rather began denying that he stole from NEX and challenging the reliability of his NEX statement in submissions to OPM in

---

(2014) (citing *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981)). Less than 1 week after NEX interviewed the appellant and he submitted his signed, sworn statement, the LPO prepared his report and signed a statement attesting to its accuracy. IAF, Tab 6 at 89, 97. There is no evidence that the LPO had a motive to lie or otherwise fabricate his report or statement.

2017 and in statements to the Board in this appeal.[5]  IAF, Tab 1 at 2, 33-38, Tab 6 at 54, Tab 11 at 10-11.  These claims of coercion were inconsistent with each other and became more elaborate with each telling; therefore, we do not find them credible.  *Id.*  Because the voluntariness of the appellant's extrajudicial sworn statement was not seriously at issue and given the corroborating evidence, we find no due process concerns raised by his statement.  *Cf. Wohlwend*, 16 M.S.P.R. at 461.  Consequently, we discern no error in the administrative judge's decision to credit the NEX statement admitting to the misconduct over the appellant's subsequent repudiations, and affirm her finding that OPM proved the appellant engaged in the misconduct as specified in charge 1.

The Board lacks authority to review OPM's decision to direct the appellant's termination.

The administrative judge found that the Board could not review the reasonableness of OPM's decision to direct the appellant's separation because he was not a tenured Federal employee.  Initial Decision (ID) at 7-8.  Although the administrative judge was correct in that the Board lacked jurisdiction to review OPM's suitability actions taken against the appellant, her reasoning and analysis was erroneous.  We therefore vacate those aspects of the initial decision.

Pursuant to the National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1086(h), 129 Stat. 726, 1010 (2015), when OPM makes a suitability determination pursuant to its regulations, the Board does not have the authority to adjudicate the matter as a chapter 75 adverse action, even if the appellant is a tenured Federal employee.  *Odoh v. Office of Personnel Management*, 2022 MSPB 5, ¶ 16; *see* 5 U.S.C. § 7512(F).  Instead, the Board's jurisdiction over a negative suitability determination is limited to that provided under 5 C.F.R. § 731.501, which does not extend to reviewing or modifying the ultimate action taken as a result of a suitability determination.  *Odoh*, 2022 MSPB

---

[5] Although the appellant asserts that he had only 1 day to respond to the termination letter, he had "three calendar days after receipt of this letter" to respond.  PFR File, Tab 1 at 9; IAF, Tab 6 at 107.

5, ¶ 16 (citing *Folio v. Department of Homeland Security*, 402 F.3d 1350, 1353, 1355-56 (Fed. Cir. 2005)).

Nevertheless, the administrative judge's error is not a basis for granting the petition for review because she ultimately reached the correct conclusion. ID at 8; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). We therefore affirm, as modified, the administrative judge's finding that the Board lacks jurisdiction to review the suitability actions taken by OPM. ID at 7-8.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.