**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 5**

Docket No. CH-0731-16-0344-I-1

**Fidelis O. Odoh,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

April 19, 2022

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Joyce B. Harris-Tounkara, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the suitability determination of the Office of Personnel Management (OPM), but remanded it to OPM to decide whether the resulting suitability action was appropriate based on the sustained charge.  For the reasons discussed below, we DENY the appellant's petition for review, and AFFIRM the initial decision.

## BACKGROUND

¶2      In February 2015, the appellant's private employer terminated him for sleeping on duty.  Initial Appeal File (IAF), Tab 8, 54-61.  In May 2015, the Department of the Army appointed him to a Recreation Specialist position.  *Id.*

at 105.  Two months prior to his appointment, in March 2015, he completed and electronically signed an Optional Form (OF) 306, Declaration for Federal Employment.  *Id.* at 209-10.  Among other things, he answered "no" to the question of whether during the last 5 years he had "been fired from any job for any reason."  *Id.* at 209.  Upon reporting for his new position, in May 2015, he signed a hardcopy OF-306 containing the same response.  *Id.* at 211-13.

¶3    In March 2016, after investigating his background and suitability, OPM instructed the Department of the Army to separate the appellant from service, cancelled his eligibility for reinstatement, cancelled his eligibility for appointment, and debarred him for a period of 3 years.  *Id.* at 16.  OPM's negative suitability determination was based upon two charges:  (1) misconduct or negligence in employment; and (2) material, intentional false statement, or deception or fraud in examination or appointment.  *Id.* at 19-21.  The Department of the Army separated the appellant effective March 26, 2016.  *Id.* at 11.

¶4    The appellant filed the instant appeal challenging OPM's negative suitability determination.  IAF, Tab 1 at 2.  After holding the requested hearing, the administrative judge remanded the matter to OPM.  IAF, Tab 15, Initial Decision (ID) at 1, 9.  She found that OPM only proved its second charge—material, intentional false statement, or deception or fraud in examination or appointment.  ID at 5-8.  Therefore, pursuant to 5 C.F.R. § 731.501(b)(2), she ordered OPM to determine whether the suitability action taken was appropriate based on that remaining charge.  ID at 8-9.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 5-6.

## ANALYSIS

¶6    To prevail in a negative suitability determination appeal, OPM must demonstrate by preponderant evidence that the appellant's conduct or character

may have an impact on the integrity or efficiency of the service, based on one of the specific factors listed in 5 C.F.R. § 731.202(b). *Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 5 (2015); *see* 5 C.F.R. §§ 731.101(a), 731.202(a), 731.501(b). One of those factors mirrors the charge at issue in this appeal—material, intentional false statement, or deception or fraud in examination or appointment. 5 C.F.R. § 731.202(b)(3).

¶7        The Board has jurisdiction to review all aspects of a suitability determination, including whether the charged conduct renders an individual unsuitable for the position in question. *Hawes*, 122 M.S.P.R. 341, ¶ 5. If the Board determines that one or more of the charges brought by OPM is supported by a preponderance of the evidence, regardless of whether all specifications are sustained, it must affirm the suitability determination. *Id.*; 5 C.F.R. § 731.501(b)(1). If the Board sustains fewer than all the charges, the Board must remand the case to OPM to determine whether the resulting suitability action taken is appropriate based on the sustained charge. *Hawes*, 122 M.S.P.R. 341, ¶ 5; 5 C.F.R. § 731.501(b)(2).

¶8        The single charge that the administrative judge sustained was based upon an allegation that the appellant provided false information when he twice answered "no" in response to the question of whether he had been fired during the past 5 years, even though he had been fired from his most recent job just weeks earlier.[1]  IAF, Tab 8 at 19-22, 50-61, 209-13. When confronted during OPM's investigation, the appellant attributed his responses to a misunderstanding of the question. *Id.* at 32. According to the appellant, he interpreted the question as asking whether he had been fired from Federal employment. *Id.*

¶9        OPM was required to prove, by preponderant evidence, that the appellant: (1) supplied wrong information; and (2) knowingly did so with the intention of

---

[1] On review, neither party challenges the administrative judge's finding that the agency failed to prove its other charge. ID at 5-6. We decline to disturb that finding.

defrauding, deceiving, or misleading the agency. *Boo v. Department of Homeland Security*, [122 M.S.P.R. 100](#), ¶ 10 (2014); *see Hawes*, [122 M.S.P.R. 341](#), ¶ 21 (analyzing a charge of "material, intentional false statement, or deception or fraud in examination or appointment" under the same standards as a falsification charge). The appellant does not dispute the administrative judge's finding that he supplied wrong information, and we see no reason to disturb that finding. ID at 7-8. The appellant does, however, dispute the administrative judge's finding of intent. PFR File, Tab 1 at 6-8.

¶10 To prove the intent element of a falsification charge, an agency must establish that the employee intended to deceive the agency for his own private material gain. *Leatherbury v. Department of the Army*, [524 F.3d 1293](#), 1300 (Fed. Cir. 2008); *Boo*, [122 M.S.P.R. 100](#), ¶¶ 11-12 & n.3. Such intent may be established by circumstantial evidence or inferred when the misrepresentation is made with reckless disregard for the truth or with conscious purpose to avoid learning the truth. *Boo*, [122 M.S.P.R. 100](#), ¶ 10. In determining whether an agency has proven intent, the Board must consider the totality of the circumstances, including the appellant's plausible explanation, if any. *Id.* Securing employment, as here, is private material gain that will support the charge. *Hawes*, [122 M.S.P.R. 341](#), ¶ 21.

¶11 In relevant part, the OF-306 asks:

> During the last 5 years, have you been fired from any job for any reason, did you quit your job after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by [OPM] or any other Federal agency?

IAF, Tab 8 at 209. Below, the appellant argued that he answered the question on the OF-306 properly, based upon his understanding of the question. Specifically, he suggested that he understood the question to be asking about only Federal jobs. IAF, Tab 11 at 9-10; *see Leatherbury*, 524 F.3d at 1301 (observing that a reasonable good faith belief that a statement is true "precludes a finding that an

employee acted with deceptive intent"); *Boo*, 122 M.S.P.R. 100, ¶ 10 (observing that a plausible explanation must be considered in deciding intent). The administrative judge found that it was more likely that he sought to conceal his prior termination in order to secure employment. ID at 7-8.

¶12    On review, the appellant reasserts that the charge should not be sustained because he simply misunderstood the question. PFR File, Tab 1 at 6-8. However, we find that his disagreement with the administrative judge's well-reasoned credibility-based findings provides no basis for disturbing the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As the administrative judge noted, the question includes ordinary language and is plain on its face. ID at 7-8. It asked if he had been fired from "any job for any reason." IAF, Tab 8 at 209. We agree that the appellant's purported interpretation of the OF-306 question was unreasonable and implausible.

¶13    We also find no merit to the appellant's suggestion that, if the question was asking about all jobs, the inclusion of the word "Federal" was superfluous. PFR File, Tab 6 at 6-7. The question clearly asked if the appellant had "been fired from any job . . . *or* . . . debarred from Federal employment." IAF, Tab 8 at 209, 212 (emphasis added). Accordingly, the appellant has failed to provide a reason for disturbing the administrative judge's finding of intent.

¶14    The appellant next suggests that the administrative judge should have treated his appeal as a chapter 75 action and mitigated his removal to a lesser penalty. PFR File, Tab 1 at 6-9. This argument also fails.

¶15    Our reviewing court analyzed the interplay between the statutory appeal rights of tenured Federal employees for adverse actions and OPM's suitability regulations in *Archuleta v. Hopper*, 786 F.3d 1340 (Fed. Cir. 2015). The court

concluded that an "employee," as defined in 5 U.S.C. § 7511(a)(1), had the right to appeal an adverse action under 5 U.S.C. § 7513(d) even if that adverse action stemmed from a negative suitability determination by OPM. *Archuleta*, 786 F.3d at 1347-51; *see Aguzie v. Office of Personnel Management*, 116 M.S.P.R. 64, ¶¶ 25-31 (2011) (reaching the same result). In such cases, the court found that the Board must conduct an independent review of OPM's penalty in light of the relevant *Douglas* factors. *Archuleta*, 786 F.3d at 1352-53; *see Aguzie*, 116 M.S.P.R. 64, ¶¶ 33-34; *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (listing factors relevant to a determination of the appropriateness of a penalty). In reaching these conclusions, the court reasoned that Congress could have, but had not, excluded suitability-based removals from the coverage of chapter 75. *Archuleta*, 786 F.3d at 1348, 1351. However, Congress has since amended the relevant statute to do just that.

¶16        Pursuant to the National Defense Authorization Act for Fiscal Year 2016 (NDAA for Fiscal Year 2016), Pub. L. No. 114-92, section 1086(f)(9), 129 Stat. 726, 1010 (2015), an appealable adverse action does not include "a suitability action taken by [OPM] under regulations prescribed by [OPM], subject to the rules prescribed by the President under this title for the administration of the competitive service."[2]  5 U.S.C. § 7512(F). Accordingly, when OPM makes a suitability determination pursuant to its regulations, as it did here, the Board does not have the authority to adjudicate the matter as a chapter 75 adverse action,

---

[2] The Act refers to actions taken by the "Office," without identifying the office in question. We have reviewed the legislative history, but have similarly been unable to find any definition. *See* Legislative Intent and Joint Explanatory Statement to Accompany S. 1356, Pub. L. No. 114-92, 114th Cong., 1st Sess., 750 (Comm. Print 2015). However, "Office" is used elsewhere in chapter 75 to refer to OPM. 5 U.S.C. §§ 7511(b)(2)(B), (c). Therefore, we assume that it has the same meaning here. *See* Norman J. Singer, 2A Statutes & Statutory Construction § 47:16, at 265, 272 (6th ed. 2000) (explaining that an unclear word can be assumed to have the same meaning as clearly provided for elsewhere in a statute).

even if the appellant is a tenured Federal employee.[3]  Instead, the Board's jurisdiction over a negative suitability determination is limited to that provided under 5 C.F.R. § 731.501, which does not extend to reviewing or modifying the ultimate action taken as a result of a suitability determination.  *See Folio v. Department of Homeland Security*, 402 F.3d 1350, 1353, 1355-56 (Fed. Cir. 2005).  Because the administrative judge sustained only one of the two charges, she properly remanded the matter for OPM to decide whether the actions taken are still appropriate.[4]  *See id.* at 1355 (observing that, under 5 C.F.R. § 731.501, the Board must remand the suitability action to OPM if it sustains one or more, but not all, of the charges).

## ORDER

¶17        We REMAND this appeal to OPM pursuant to 5 C.F.R. § 731.501(b)(2) to determine whether the suitability actions taken are appropriate based on the sustained charge.

---

[3] Even if 5 U.S.C. § 7512(F) did not explicitly preclude us from addressing OPM's negative suitability determination under chapter 75, the record demonstrates that the appellant was serving an initial 1-year probationary period in the competitive service. IAF, Tab 8 at 11, 105.  Thus, he was not an "employee" with chapter 75 Board appeal rights.  *See* 5 U.S.C. § 7511(a)(1)(A).  Therefore, we do not address any question concerning the retroactivity of 5 U.S.C. § 7512(F) to the circumstances at hand, in which the misconduct occurred prior to the November 25, 2015 enactment of the NDAA for Fiscal Year 2016, but OPM took its suitability action after its enactment. *See* Pub. L. No. 114-92, 129 Stat. 726 (reflecting the date of enactment).  Given the appellant's status as a probationary appointee without chapter 75 appeal rights, any concerns about potential retroactivity cannot change the outcome here.

[4] In his reply brief, the appellant mistakenly asserts that OPM missed the deadline for complying with the administrative judge's instructions to decide whether the suitability actions taken are still appropriate.  PFR File, Tab 6 at 5.  In fact, the administrative judge instructed OPM to act within 30 days of the initial decision becoming final.  ID at 9-10.  Because the appellant filed a timely petition for review, the initial decision is not yet final.  *Id.*; 5 C.F.R. § 1201.113(a).

¶18    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.