## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANNY LEE,

        Appellant,

        v.

SOCIAL SECURITY
  ADMINISTRATION,

        Agency.

DOCKET NUMBER
SF-3443-22-0586-I-1

DATE:  March 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danny Lee, Poway, California, pro se.

Jamie L. Barnhill, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging his nonselection for lack of jurisdiction and dismissed his challenge to his 2018 resignation as involuntary on the grounds of adjudicatory efficiency.  On petition for review, the appellant argues that the administrative judge failed to address a number of his claims in the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision; reargues that his 2018 resignation decision was involuntary and that agency officials engaged in wrongdoing in connection with his resignation; and that he has filed numerous complaints with the Office of Special Counsel (OSC) and the agency's Office of the Inspector General but his complaints have been ignored. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's involuntary resignation claim is barred by the doctrine of collateral estoppel instead of on the grounds of adjudicatory efficiency, we AFFIRM the initial decision.

In the initial decision, the administrative judge concluded that the appellant had not alleged that the Board had jurisdiction over his appeal challenging his nonselection for a position as a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) or the Veterans Employment Opportunities Act of 1998 (VEOA), but he did not provide a specific explanation for how the appellant could establish jurisdiction over his USERRA and VEOA claims in the orders on jurisdiction or in the initial decision. *Lee v. Social Security Administration*,

MSPB Docket No. SF-3443-22-0586-I-1, Initial Appeal File (IAF), Tab 2 at 2-5, Tab 7 at 2-3, Tab 21, Initial Decision (ID) at 5-7.

To establish Board jurisdiction over a USERRA appeal under 38 U.S.C. § 4311(a), an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied his initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the unformed service. *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008). To establish Board jurisdiction over an appeal brought under VEOA, an appellant must, among other things, show that he exhausted his administrative remedy with the Department of Labor (DOL) by filing a complaint with DOL containing a summary of the allegations that form the basis of the complaint. *Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012). As the administrative judge observed, on his initial appeal form the appellant checked the box indicating that he is not entitled to veterans' preference, did not check the box indicating that he filed a complaint with DOL, and he has not otherwise alleged that he is a preference-eligible or presented any argument that implicates Board jurisdiction over his nonselection under USERRA or VEOA. ID at 2-3; IAF, Tab 1 at 1. Accordingly, we agree that the appellant has not established a regulatory or statutory right to appeal his nonselection to the Board on these bases.

Addressing a potential suitability claim, the administrative judge acknowledged that the appellant checked the box on the appeal form alleging a negative suitability determination but nevertheless concluded that the appellant "did not seek to invoke the Board's jurisdiction" over this claim because his pleadings did not include any further mention of it. ID at 6-7. However, there is no indication in the record that the appellant did not intend to pursue this claim, so we will address it now. Regulations promulgated by the Office of Personnel Management (OPM) in 2008 state that a "suitability action," as defined in those

regulations, may be appealed to the Board.[2]  5 C.F.R. § 731.501(a).  Suitability determinations examine whether "a person's character or conduct . . . may have an impact on the integrity or efficiency of the service."  5 C.F.R. § 731.101.  If an individual is deemed unsuitable for service based on one or more of the factors enumerated in 5 C.F.R. § 731.202(b), the acting agency may take a suitability action, which is defined as a removal, debarment, cancellation of eligibility, or cancellation of reinstatement eligibility.  5 C.F.R. § 731.203.  Nevertheless, as the administrative judge observed, under 5 C.F.R. § 731.203(b), "[a] non-selection, or cancellation of eligibility for a specific position . . . is not a suitability action even if it is based on reasons set forth in § 731.202."  ID at 7 n.2 (citing *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 12 (2012).  There is no evidence in the record indicating that OPM or any agency official took a suitability action against the appellant in connection with his nonselection for the identified position.  Accordingly, we conclude that the appellant failed to establish Board jurisdiction over his appeal as a suitability action.

Finally, in the initial decision the administrative judge considered the appellant's allegations that his 2018 resignation was involuntary, but dismissed that claim for lack of jurisdiction on the grounds of adjudicatory efficiency, reasoning that the appellant had filed a prior Board appeal challenging his resignation as involuntary, that appeal resulted in an initial decision finding that the Board lacked jurisdiction over his claim, and a petition for review of the initial decision in that prior case was then pending before the Board.  ID at 10-11; *see Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-

---

[2] The National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 1086(f)(9), 129 Stat. 726, 1010 (2015), amended 5 U.S.C. § 7512 to state that chapter 75 of Title 5 of the U.S. Code "does not apply to . . . a suitability action taken by [OPM] under regulations prescribed by [OPM], subject to the rules prescribed by the President under [Title 5] for the administration of the competitive service."  5 U.S.C. § 7512(F).  *See Odoh v. Office of Personnel Management*, 2022 MSPB 5, ¶ 16.  Neither party addressed this issue below.  Given our finding that the appellant's nonselection was not a suitability action, we do not consider the effect, if any, of section 7512(F) on this appeal.

I-1, Initial Decision (Aug. 9, 2019) (0753 ID); Initial Appeal File (0753 IAF), Tab 27; *Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1, Petition for Review (0753 PFR) File, Tab 1.

When an appellant files an appeal that is identical to claims raised in an earlier appeal after the initial decision in an earlier appeal was issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). By contrast, collateral estoppel, or issue preclusion, is appropriate when (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014); *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). Collateral estoppel is only appropriate when there is a final judgment in the previous litigation. *Zgonc*, 103 M.S.P.R. 666, ¶ 6.

At the time the administrative judge issued his initial decision, the appellant's petition for review in his 0753 appeal was still pending before the Board. However, the Board now has issued its decision on the petition for review in that case, affirming the initial decision dismissing his appeal for lack of jurisdiction, so the administrative judge's basis for dismissing the appeal is no longer valid. *See McNeil*, 100 M.S.P.R. 146, ¶ 11; *Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1, Final Order (Feb. 23, 2024) (0753 Final Order); 0753 PFR File, Tab 9. Under such circumstances, it remains appropriate to dismiss the appellant's claim challenging his 2018 resignation as involuntary in the instant appeal based on the doctrine of collateral

estoppel, rather than on the basis of adjudicatory efficiency. *McNeil*, 100 M.S.P.R. 146, ¶ 11.

The purpose of collateral estoppel is to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom the issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *McNeil*, 100 M.S.P.R. 146, ¶ 15 (2005).

The Board's jurisdiction over the appellant's appeal challenging his resignation as involuntary was actually litigated before the Board in his 0753 appeal. The "actually litigated" element is satisfied when the issue was properly raised by the pleadings, was submitted for determination, and was determined. *Kavaliauskas*, 120 M.S.P.R. 509, ¶ 6. In the initial decision in the prior case, the administrative judge found, after providing the parties with an opportunity to address the jurisdictional issue, that the appellant failed to meet his burden of making a nonfrivolous allegation that his resignation was involuntary based on the following arguments: he was subjected to hostile or intolerable work conditions purportedly perpetrated by the agency; he was forced to resign because he was not provided with reasonable accommodations for his disability; he had no alternative but to resign from his position; the agency threatened a removal action it knew could not be substantiated; and his resignation was the product of agency-provided misinformation or deceptive or misleading statements by agency officials. 0753 ID at 1, 15-28.

Additionally, these findings were necessary to the administrative judge's determination in the prior initial decision that the Board lacks jurisdiction over

the appellant's involuntary resignation appeal. After the appellant petitioned for review, the Board affirmed that decision. 0753 Final Order. Finally, the appellant was represented by an attorney in his prior Board appeal and he had a full and fair opportunity to represent himself in his subsequent petition for review to the Board on that matter. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (determining that a party's pro se status does not preclude the application of collateral estoppel). Thus, the doctrine of collateral estoppel is appropriate here. Because the doctrine of collateral estoppel precludes the appellant from relitigating the issue of the Board's jurisdiction over the voluntariness of his decision to resign, the Board does not have jurisdiction over his claim in the instant appeal challenging his 2018 resignation. Accordingly, we modify the initial decision to clarify the basis for the dismissal of the appellant's involuntary resignation claim.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] On review, the appellant appears to indicate that he has filed additional complaints with OSC and refers to an "attached email exhibit" purportedly related to his OSC complaint, but he failed to provide any attachments with his petition for review. Petition for Review (PFR) File, Tab 1 at 6. To the extent the appellant may have filed a whistleblower reprisal complaint with OSC, he may file an individual right of action (IRA) appeal with the Board's regional office in accordance with the Board's regulations. *See* 5 C.F.R. §§ 1209.5, 1209.6. The appellant should carefully review the Board's regulations to determine whether any IRA appeal he may file is timely. *See* 5 C.F.R. § 1209.5.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.