# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAMON GOMEZ,
                Appellant,

       v.

DEPARTMENT OF HOMELAND
     SECURITY,
               Agency.

DOCKET NUMBER
DE-0752-18-0219-I-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Scott E. Beemer</u>, Tempe, Arizona, for the appellant.

<u>Carolyn D. Jones</u>, Esquire, Williston, Vermont, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct legal standard for a lack of candor charge and to supplement the initial decision's discrimination and disparate penalty analysis, we AFFIRM the initial decision.

Effective March 8, 2017, the agency removed the appellant from his deportation officer position based on three charges: (1) sleeping on duty on May 3, 2016; (2) conduct unbecoming a Federal employee relating to his May 4, 2016 contact with a potential witness to the conduct alleged in the first charge; and (3) lack of candor relating to a May 4, 2016 memorandum he wrote concerning the conduct alleged in the first charge. Initial Appeal File (IAF), Tab 10 at 23-31. The appellant appealed his removal, and, after a hearing, the administrative judge issued an initial decision in which he sustained all three charges and affirmed the removal. IAF, Tab 25, Initial Decision (ID). The administrative judge further found that the appellant failed to prove his affirmative defenses. ID at 16-21.

The appellant has filed a petition for review, and the agency has filed a response in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1, 5.

We decline to consider the documents the appellant submits on review.

On review, the appellant submits the deposition transcripts of six agency employees. PFR File, Tab 1 at 33-309. These documents predate the close of the

record, and the appellant has not shown that these documents, or the information contained therein, were unavailable before the record closed despite his due diligence. Therefore, we have not considered them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

<u>The administrative judge correctly found that the agency proved its charges by preponderant evidence.</u>

The administrative judge found that the agency proved the first two charges by preponderant evidence based largely on his assessment of the witnesses' credibility. ID at 9-15. These findings are entitled to deference, and the appellant has not proffered sufficiently sound reasons for overturning them. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find, therefore, that the administrative judge correctly sustained the charges of sleeping on duty and conduct unbecoming a Federal employee.

As the administrative judge correctly noted, a charge of lack of candor is a flexible charge, and unlike a charge of falsification, it does not require proof of intent to deceive. ID at 8; *see Ludlum v. Department of Justice*, 278 F.3d 1280, 1283-84 (Fed. Cir. 2002). However, the administrative judge did not apply the proper legal standard for analyzing a lack of candor charge. ID at 15-16. In *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330 (2016), relying on the U.S. Court of Appeals for the Federal Circuit and Board precedent, the Board held that lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Id.*, ¶ 17.

Although the administrative judge failed to explicitly rely on *Fargnoli* in sustaining this charge, he nonetheless made findings regarding the requisite elements of proof. Specifically, he found that the appellant on May 6, 2016, submitted a memorandum dated May 4, 2016, stating "I do not recall [this] taking place," referring to the sleeping on duty incident. However, on May 4, he told a coworker that he was "just resting [his] eyes and not sleeping" and also claimed

he was not snoring but was a "loud breather." ID at 14-15. Given this May 4, 2016 conversation with his coworker, the appellant knew of the incident in which he was allegedly sleeping on duty before he submitted his memorandum on May 6, 2016. *Id.* at 15-16. The administrative judge found that the appellant was therefore less than candid when he stated in his memorandum that he did not recall the incident taking place. ID at 16. Thus, because the administrative judge made findings regarding the issue of whether the appellant knowingly provided incorrect information, his failure to rely on *Fargnoli* does not require remanding the initial decision. Because the appellant had discussed the sleeping incident before he submitted his May 4, 2016 memorandum, he clearly knew of the incident when he submitted the memorandum. We therefore find that the appellant knowingly provided incorrect information when he stated in his memorandum that he did not recall the incident. Accordingly, we conclude that the administrative judge correctly sustained the charge.

<u>The administrative judge correctly found that the appellant failed to prove his affirmative defenses.</u>

*Discrimination based on race, color, age, sex, and national origin*

In his petition for review, the appellant reiterates his affirmative defenses of discrimination based on his race, color, age, sex, and national origin. PFR File, Tab 1 at 7. After the initial decision was issued, the Board clarified the proper analytical framework for adjudicating discrimination claims under Title VII and the Age Discrimination in Employment Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-25. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that his race, color, age, sex, or national origin were at least a motivating factor in his removal. *Pridgen*, 2022 MSPB 31, ¶ 31.

Here, the administrative judge found that the appellant failed to prove any of his discrimination claims. ID at 17. More specifically, the administrative judge found that the appellant appeared to abandon his race, sex, and age

discrimination claims at the hearing, as he did not ask the witnesses any questions related to those claims. *Id.* As for the appellant's affirmative defenses of discrimination based on his national origin and color, the administrative judge found that there was no proof that anyone involved in the appellant's removal considered the appellant's national origin or color. *Id.* Therefore, the administrative judge found that the appellant failed to show that any of these prohibited considerations was a motivating factor in his removal. *Id.*

On review, the appellant challenges the administrative judge's finding that he abandoned his discrimination claims at the hearing. PFR File, Tab 1 at 27. He asserts that his counsel raised the "issue of color" several times during the hearing by specifically stating that the witnesses who testified against the appellant were "white in color."[2] *Id.* In addition, the appellant contends that his counsel believed that the appellant's race, color, age, sex, and national origin discrimination claims were "implied affirmative defenses." *Id.* These arguments do not show error in the administrative judge's findings. We therefore agree that the appellant did not show that his race, color, age, sex, or national origin were motivating factors in the agency's decision to remove him.[3]

*Disability discrimination*

The appellant reasserts his disability discrimination claim on review, alleging that the agency removed him from his position due to his disability (sleep apnea). PFR File, Tab 1 at 6-11, 28-29. To the extent the appellant claims disparate treatment disability discrimination, such claims are subject to the same analytic framework as Title VII discrimination claims. *Pridgen*, 2022 MSPB 31, ¶ 40. At the beginning of the hearing, the appellant's counsel admitted that the

---

[2] Contrary to the appellant's argument on review, the administrative judge did not find that the appellant abandoned his affirmative defenses of discrimination based on his color and national origin. ID at 17.

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claims, it is unnecessary for us to address whether discrimination was a "but-for" cause of the removal action. *Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

appellant did not inform the agency that he had sleep apnea prior to his removal, ID at 18, and, on review, he contends that he did not learn that he had sleep apnea until after his removal. PFR File, Tab 1 at 7-11, 28-29. The administrative judge found that there was no evidence that the agency either knew or reasonably should have known that the appellant had a disability, and the appellant does not challenge this finding on review. ID at 18. Under the circumstances, we find that the appellant has not shown that his disability was a motivating factor in his removal.

To the extent the appellant claims that the agency failed to accommodate his disability, an agency must "make reasonable accommodation to the known physical or mental limitations of an otherwise qualified . . . employee with a disability." 29 C.F.R. 1630.9(a). Even assuming that the appellant can show that he is "otherwise qualified," the agency had no obligation to accommodate a disability of which it was unaware. *Schulte v. Department of the Air Force*, 50 M.S.P.R. 126, 130 (1991). Thus, the administrative judge correctly found that the appellant did not show that the agency engaged in disability discrimination based on a failure to accommodate. ID at 18.

The administrative judge correctly found that removal is a reasonable penalty.

We agree with the administrative judge that the deciding official properly considered the relevant *Douglas[4]* factors and that the penalty of removal was reasonable. ID at 21-23; IAF, Tab 6 at 26-27, 33-37. We have considered the appellant's arguments on review that the penalty is unreasonable, PFR File, Tab 1 at 16, 22, and we find them unpersuasive.

However, the administrative judge, relying on *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010), also considered the appellant's claim that other agency employees were not removed for similar or more egregious

_____

[4] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (setting forth a nonexhaustive list of 12 factors that are relevant for assessing the appropriate penalty for an act of misconduct).

misconduct. ID at 22-23. We have since overruled *Lewis* and subsequent cases to clarify that, when analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators, and the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh v. U.S. Postal Service*, 2022 MSPB 5, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (finding that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). While the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct and/or circumstances closely resemble those of the appellant. *Singh*, 2022 MSPB 15, ¶ 21. There is no evidence in this appeal that the employee identified by the appellant as a potential comparator was sleeping on duty, engaged in unbecoming conduct, and exhibited a lack of candor, as the appellant did. Given these circumstances, we find that the appellant failed to show that the employee is an appropriate comparator for purposes of the appellant's disparate penalties claim.[5] In sum, we agree with the administrative judge that the penalty of removal does not clearly exceed the bounds of reasonableness in this case. *See, e.g.*, *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (finding the penalty of removal reasonable when the appellant demonstrated lack of candor and inappropriate conduct).

Finally, we have considered the appellant's claim that the administrative judge was biased. The appellant's allegations on review, which do not relate to

---

[5] Although the appellant identified only one potential comparator during the proceedings below, on review he identifies several agency employees who allegedly were treated differently for their misconduct. PFR File, Tab 1 at 29-30. We have not considered this information because the appellant has not shown that it was unavailable before the record closed despite his due diligence. *See Avansino*, 3 M.S.P.R. at 214.

any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that he showed a deep-seated favoritism or antagonism that would make fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 4 (2010). We therefore find that the appellant has failed to show that the administrative judge was biased in favor of the agency.

We have considered the appellant's remaining arguments on review and find no basis for disturbing the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.