## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIO C. NUNEZ,
                Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-0752-17-0702-I-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Julio C. Nunez, Miami Beach, Florida, pro se.

Joved Gonzalez-Rivera, Esquire, Mayaguez, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to analyze the appellant's allegation of discrimination under *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Licensed Practical Nurse at an agency medical center serving under an excepted-service appointment. Initial Appeal File (IAF), Tab 5 at 67. The agency proposed his removal based on the following charges: (1) inappropriate conduct; (2) failure to timely renew his agency Privacy and Information Security Awareness and Rules of Behavior certification; and (3) failure to timely renew his Basic Life Support (BLS) certification. *Id.* at 36-41. The appellant provided oral and written replies to his proposed removal, and the agency sustained all the charges as specified and imposed his removal effective August 7, 2017. *Id.* at 27-32.

The appellant filed a timely appeal with the Board challenging his removal and requested a hearing. IAF, Tab 1 at 1. After conducting the hearing, the administrative judge sustained his removal. IAF, Tab 21, Initial Decision (ID). She found that the agency proved all three charges and their specifications, that the appellant failed to prove his affirmative defense of race or national origin discrimination, that there was a nexus between the appellant's misconduct and the efficiency of the service, and that the penalty of removal was reasonable. ID

at 2-17. The appellant has filed a petition for review, the agency has responded in opposition to his petition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 4-5.

The administrative judge properly found that the agency proved the charges.

In the first charge, the agency specified that the appellant engaged in inappropriate conduct when he had a loud personal conversation in a waiting room for clients of the Disabled American Veterans (DAV) office on June 2, 2017, and he became argumentative with a DAV representative when she asked him to leave. IAF, Tab 5 at 36. The DAV office was located within the agency facility at which the appellant worked. *Id.* at 36, 43. The agency also specified that the appellant screamed at his manager for opening his office door on May 25, 2017, refused his manager's request to lower his voice, and continued screaming that there were going to be problems. *Id.* at 36. The administrative judge found that the agency proved by preponderant evidence that the appellant engaged in inappropriate conduct on May 25, 2017, and on June 2, 2017, as specified. ID at 5, 8. On review, the appellant does not challenge these findings. We find no basis for reaching a different conclusion.

In the second charge, the agency specified that the appellant failed to renew his agency Privacy and Information Security Awareness and Rules of Behavior certification (cybersecurity training) prior to the expiration of his prior certification on May 8, 2017. IAF, Tab 5 at 37. The administrative judge considered the appellant's argument that he took the cybersecurity training twice, and his failure to provide evidence of completion, and found that the agency proved the charge by preponderant evidence. ID at 9. On review, the appellant appears to assert that he took cybersecurity training in November 2016, including on November 9, 2016, and also argues that his May 9, 2017 training was within the 6-month retraining period. PFR File, Tab 1 at 5. We are not persuaded by the appellant's argument on review.

Even assuming the retraining period is 6 months, as the appellant claims, 6 months from November 8, 2016, is May 8, 2017, the day prior to when the appellant completed his training. As a result of his delay, his user account was disabled on May 8, 2017, and he was unable to see patients that day. IAF, Tab 5 at 37, 53. In sustaining this charge, the administrative judge thoroughly addressed the record evidence, including the hearing testimony concerning the material issues on appeal, and provided a detailed explanation for why he found the agency witnesses' versions of events more credible. ID at 8-9. The administrative judge did not make an explicit finding that the appellant did not take the training, as he claimed, in November 2016. Nonetheless, the administrative judge's determination that the agency proved the charge implicitly discredits the appellant's claim. *Id.* Because the administrative judge made his findings after holding a hearing and observing the testimony of the appellant and other witnesses, we defer to it. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's determinations when they are "necessarily intertwined" with an analysis of a witness's demeanor). The appellant's vague arguments on review generally challenging the credibility of the agency's witnesses are insufficient to cause us to disturb the administrative judge's well-reasoned findings. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

In the third charge, the agency specified that the appellant failed to timely renew his BLS certification. IAF, Tab 5 at 37. The administrative judge found that the agency proved this charge by preponderant evidence. ID at 11. In reaching this decision, the administrative judge considered the appellant's argument that he asked his supervisors for help completing the training required

to renew his certification but they would not help him. *Id.* The administrative judge also considered the appellant's supervisor's testimony: BLS is mandatory for anyone who works with patients; he had sent the appellant an email reminding him of the requirement; and employees can take the training in the hospital at no charge or with an outside provider. ID at 10; Hearing Compact Disc (HCD) (testimony of the appellant's supervisor). On review, the appellant does not challenge the administrative judge's findings. We find no basis for reaching a different conclusion. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (recognizing that the Board must defer to an administrative judge's credibility findings when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). We therefore affirm the administrative judge's finding that the agency proved all three charges and all underlying specifications.

The administrative judge properly denied the appellant's affirmative defense of race and national origin discrimination.

Applying the burden-shifting standard set forth in cases such as *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), the administrative judge found that the appellant failed to establish that his race or national origin was a motivating factor in the agency's removal action, ID at 14. We therefore need not analyze whether the appellant could prove that the removal was a but-for cause of the action, as that standard is a higher burden than motivating factor. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 48; *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31.

Here, the administrative judge considered the appellant's argument that Cuban-American employees were treated less favorably than African-American and Caribbean employees in hiring and in attendance-related disciplinary actions, and that only Latinos (especially Cubans) were fired. ID at 13. However, she found the appellant's allegations unsubstantiated. *Id.* In reaching her decision,

the administrative judge implicitly credited the agency's witnesses' testimony and explanation of nondiscriminatory bases for removing the appellant and found that the appellant's version of events was not credible. ID at 3-11, 13-14. The administrative judge also found that the evidence showed that he engaged in the charged misconduct. ID at 29.

The appellant appears to suggest on review that the timing of the agency's actions was suspicious. PFR File, Tab 1 at 41-43. In particular, he points to the closeness in time between the conduct that underlies his removal, beginning with his failure to take his cybersecurity training on May 8, 2017, and the removal itself, effective August 7, 2017. *Id.* We disagree that the timing here is suspicious. Instead, it reflects the agency's diligence in taking prompt corrective action. We find that the administrative judge properly considered the witnesses' testimony and the evidence as a whole in finding that the appellant failed to show that discrimination based on race or national origin was a motivating factor in his removal. ID at 14.

The appellant's additional evidence and arguments on review do not provide a reason to disturb the administrative judge's decision to sustain his removal.

For the first time on review, the appellant asserts that the removal decision was not in accordance with the law. PFR File, Tab 1 at 1. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay*, 123 M.S.P.R. 245, ¶ 6; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has not explained why this argument could not have been raised before the

administrative judge, and thus we need not consider it.[2]  *See* 5 C.F.R. § 1201.115(d).

On review, the appellant further claims that the agency's action was based on harmful error and reprisal for filing a Veterans Employment Opportunities Act of 1998 complaint and whistleblowing.  PFR File, Tab 1 at 1-2, 4.  He also submits a list of alleged retaliatory actions taken against him, including but not limited to his removal.  *Id.* at 2.  The appellant similarly did not make these arguments before the administrative judge or explain his failure to do so; therefore, we need not consider them either.[3]  *See Clay*, 123 M.S.P.R. 245, ¶ 6; *Banks*, 4 M.S.P.R. at 271.  Although unclear, the appellant appears to suggest that his supervisors were, like him, late in taking cybersecurity training.  PFR File, Tab 1 at 4.  However, he does provide any specific cites to the record or explain his argument in a way that we can determine whether he raised it below and how it factors into our decision here.  Thus, we decline to consider it.

Moreover, at the beginning of the hearing, the administrative judge asked the appellant if he wanted to make any additions, corrections, or objections to her prehearing conference order, which summarized the material issues on appeal "**to the exclusion of all others**" (emphasis in original), but he did not take advantage

---

[2] On review, the appellant also reasserts his claim that he is appealing a negative suitability determination.  PFR File, Tab 1 at 2; IAF, Tab 1 at 2.  The administrative judge's failure to consider this issue on appeal did not prejudice the appellant's substantive rights and does not require reversing the initial decision.  Assuming that the Board has jurisdiction to review a suitability action taken against the appellant, he would be entitled to, at most, the same review he received here.  *See Odoh v. Office of Personnel Management*, 2022 MSPB 5, ¶¶ 15-16 (explaining that, at most, an employee has the right to appeal a suitability determination as if it were a removal action, but noting that the newly enacted 5 U.S.C. § 7512(F) prevented the Board from modifying a suitability action taken by the Office of Personnel Management).

[3] As proof that the agency's action was based on harmful error, the appellant makes the following assertions:  that he was falsely accused of terrorism and someone broke into his car on agency property; that the agency withheld evidence against him to win, such as videos and email; that he was subjected to punishment without union representation; that the agency lied to the unemployment office and denied his right to unemployment; and that the agency locked up his computer so that he could not get paid.  PFR File, Tab 1 at 1, 4.

of that opportunity to raise these additional claims. IAF, Tab 15 at 6; Tab 20, HCD (opening statement of the administrative judge). The appellant's failure to object and to make timely additions or corrections to the administrative judge's order setting forth the exclusive list of material issues on appeal precludes him from doing so on review. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012).

The appellant refers to himself on review as a whistleblower, seemingly based on his complaint about his manager's alleged discriminatory hiring practices. PFR File, Tab 1 at 2. Here, the pro se appellant may have raised a nonspecific claim of reprisal for complaining that his manager was hiring only Haitian and/or African-American nurses illegally. IAF, Tab 1 at 7. We construe the appellant's argument as a claim of equal employment opportunity (EEO) reprisal not whistleblower reprisal. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 21-23, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).[4]

To the extent that the appellant may have attempted to raise an affirmative defense of EEO reprisal on appeal, which the administrative judge did not identify or address below, we find that he has effectively waived or abandoned this claim. In *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18, we articulated relevant factors in determining whether a previously raised affirmative defense has been effectively waived or abandoned by the appellant. These factors include the clarity with which an appellant raised his affirmative defense,

---

[4] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code, including section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also a protected activity. *Edwards*, 2022 MSPB 9, ¶ 29. However, all of the events relevant to this appeal occurred prior to the enactment of the NDAA. The change to section 2302(b)(9)(C) does not apply to cases arising prior to the enactment of the NDAA. *Edwards*, 2022 MSPB 9, ¶¶ 30-34. Accordingly, we need not decide whether the appellant engaged in protected activity under the amendment to section 2302(b)(9)(C).

continued to pursue it, objected to orders that failed to identify it, and may have been confused by misleading or incorrect information. *Id.*, ¶ 18. The appellant's only reference to this reprisal claim on appeal was in a one-page submission attached to his appeal form. IAF, Tab 1 at 7. Although he reasserts his claim of EEO reprisal on review, he did not make a timely addition or correction to the administrative judge's order setting forth the exclusive list of material issues on appeal when given the opportunity to do so at the commencement of the hearing. PFR File, Tab 1 at 2, 29. The appellant does not argue on review that he mistakenly believed that his EEO reprisal claim was part of what the administrative judge identified as his discrimination claim in the prehearing conference summary. IAF, Tab 15 at 3-6. We therefore find no reason to believe that the apparent abandonment of this claim was the result of confusion or misleading or incorrect information. IAF, Tab 19 at 29. Accordingly, we find that the appellant's EEO reprisal claim was effectively waived or abandoned.

The appellant also submits numerous documents with his petition for review, including undated handwritten notes and documents ranging in date from November 2016 to October 2017.[5] PFR File, Tab 1 at 19-28, 31-39. The appellant has not shown that the evidence in his submissions is new and material or that the documents were not available prior to the close of the record despite his due diligence. Therefore, we will not consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

---

[5] The appellant also submits several documents on review, including the Table of Contents for the Agency's Response to his appeal, pages from his performance appraisals in 2015 and 2016, and a two-page statement that he submitted on appeal. PFR File, Tab 1 at 7-19, 29-30, 41-43; IAF, Tab 1 at 7-8, 15-20, 24, Tab 5 at 4-6. These documents are already part of the record and not new. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 10 (2008) (explaining that the Board will not consider evidence that is already part of the record because such evidence is not new).

The administrative judge properly addressed the agency's chosen penalty.

When, as here, all of the charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors, and exercised management discretion within tolerable limits of reasonableness. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 25 (2016); *Douglas*, 5 M.S.P.R. at 306. The Board will modify the agency's chosen penalty only if it finds that the agency's judgment clearly exceeded the limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306.

On review, the appellant asserts that the agency did not properly apply the *Douglas* factors in determining the penalty. PFR File, Tab 1 at 1. For example, he submits evidence and argument that his performance appraisal was fully successful, and he claims that the agency asserted the opposite. PFR File, Tab 1 at 6-17. Contrary to the appellant's argument on review, the record reflects that the deciding official in the removal action considered the appellant's successful job performance in his *Douglas* factor penalty analysis. IAF, Tab 5 at 30. Moreover, the administrative judge explicitly found that the appellant's acceptable work performance was a mitigating factor but agreed with the deciding official that removal was warranted because the appellant's acceptable job performance and other mitigating factors did not outweigh the seriousness of his misconduct and his lack of rehabilitative potential, considering his past disciplinary record.[6] IAF, Tab 5 at 30; ID at 16-17.

---

[6] In applying the *Douglas* factors, both the administrative judge and the deciding official also considered as a mitigating factor the appellant's allegation that he was harassed by his supervisor but concluded that it did not excuse his behavior. ID

Here, the removal decision letter shows that the deciding official considered the relevant factors including the seriousness of the appellant's repeated misconduct, which he found unprofessional and disruptive to his work and his coworkers. IAF, Tab 5 at 30-36. The deciding official considered that the appellant's misconduct was contrary to the behavior expected of a Licensed Practical Nurse in a position of trust. *Id.* at 30-31. He further considered the appellant's prior discipline: a 7-day suspension in December 2016 for failure to safeguard confidential patient information, and a reprimand in October 2016 for loafing, willful idleness, failure to safeguard confidential patient information, and unauthorized absence. *Id.* at 30. The deciding official determined that the appellant's supervisors had lost trust and confidence in him and his ability to be rehabilitated. *Id.* at 30-32. He also determined that the proposed removal penalty fell within the acceptable range of the agency's table of penalties. *Id.* at 31.

The administrative judge found that the deciding official thoroughly considered the relevant *Douglas* factors and exercised his discretion within the tolerable limits of reasonableness in deciding to remove the appellant. ID at 15-17. Recognizing that the Board must accord proper deference to the agency's primary discretion in managing its workforce, we see no reason to disturb this finding.[7] *See Douglas*, 5 M.S.P.R. at 306.

The appellant did not prove his claim of bias by the administrative judge.

The appellant also appears to allege bias by the administrative judge based on his statement that he had the right to a fair hearing. PFR File, Tab 1 at 1. We decline to grant review on this basis. The appellant submits no examples of the

at 16-17. In weighing this factor, the deciding official noted that the appellant's harassment claim was investigated by Patient Care Services and found to be unsubstantiated. ID at 16; IAF, Tab 5 at 27, 32.

[7] The appellant has not challenged the administrative judge's finding that the agency proved nexus and we find no reason to disturb this finding on review. ID at 14; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences and made reasoned conclusions on issues of credibility).

alleged bias for the Board to consider, and his conclusory argument on review does not show that the administrative judge's conduct during the course of the proceeding evidenced "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Bieber v. Department of the* Army, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

We deny the appellant's motion requesting proof that the agency lied and asking the Board to open an investigation and interview various individuals to determine the validity of his claims.

In reply to the agency's response to his petition for review, the appellant has filed a motion requesting proof that the agency lied to Federal investigators and withheld proof to prevail in the removal action. PFR File, Tab 5 at 2-4. He asks the Board to investigate his claims of misconduct at work, and he lists the people that he would like the Board to question during the investigation. *Id.* In addition, he asks for a copy of the Final Agency Decision (FAD) on his EEO complaint, which he claims that he never received although he submits what appears to be the first page of the FAD on review. PFR File, Tab 1 at 32, Tab 5 at 2. He argues for the first time that the administrative judge erred in her credibility determinations. PFR File, Tab 4 at 5.

To the extent that the appellant's reply raises new allegations of error, we will not consider them. *See* 5 C.F.R. § 1201.114(a)(4) (stating that a reply is limited to the factual and legal issues raised by another party in the response to the petition for review and may not raise new allegations of error). Moreover, to the extent he is alleging that the agency refused to voluntarily make pertinent evidence reasonably available prior to the hearing on his appeal, his failure to file a motion to compel precludes him from raising this issue for the first time on petition for review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (declining to consider the appellant's argument on review that the agency failed to respond to his discovery requests because he did not file a

motion to compel below), *aff'd*, 167 F. App'x. 217 (Fed. Cir. 2006). We therefore deny his motion requesting an investigation and additional documents from the agency on review. Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board
Washington, D.C.