UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMES L. DONALD,
       Appellant,

      v.

DEPARTMENT OF DEFENSE,
       Agency.

DOCKET NUMBER
DE-315H-20-0288-I-1

DATE: September 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth L. Mack, Esquire, and Ginger Gafford, Esquire, Grand Prairie, Texas, for the appellant.

Paul Y. Kim, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. On petition for review, the appellant reasserts that the Board has jurisdiction over his appeal pursuant to 5 C.F.R. § 315.815 because the agency based his termination on conditions that arose prior to his appointment and did not follow the proper

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

procedures, and he reiterates his argument that the agency prematurely terminated him because the status of his security clearance had not been finally resolved. Petition for Review (PFR) File, Tab 1 at 4, 7. He also argues that the agency's failure to submit the agency file required by the administrative judge's acknowledgment order denied him the opportunity to meet his evidentiary burden.[2] *Id*. at 8-9. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not

---

[2] The record reflects that the agency failed to comply with three orders for it to submit the agency file. Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 2 n.1; IAF, Tabs 2, 10, 13. The administrative judge nevertheless did not sanction the agency for its failure because he found that the appeal must be dismissed for lack of jurisdiction. ID at 2 n.1. On review, the appellant contends that the agency's failure to submit its file harmed his case. PFR File, Tab 1 at 9. However, the documents he claims that he was allegedly denied access to by the agency's failure to submit its file, which concern the agency's policies toward probationary terminations generally, were not the type of documents required to be included in the agency file by the administrative judge's acknowledgment order, which described documents solely concerning the appellant's termination. *Id.*; IAF, Tab 2, 9. The policy documents sought by the appellant are instead the sort of materials that might be requested in discovery, which was also explicitly described in the acknowledgment order. IAF, Tab 2 at 3-4. However, the record does not reflect that the appellant initiated discovery, or, if he did so, that he sought to compel the agency's response. Thus, even if the administrative judge abused his discretion in declining to sanction the agency for its failure to submit the agency file, that decision did not harm the appellant because it was not the reason he failed to obtain the documents he describes. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984 (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[3]  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The agency terminated the appellant during his probationary period based on his ineligibility to obtain and maintain a secret security clearance, which was a condition of his employment.  IAF, Tab 1 at 8-11, Tab 5 at 4-5.  Such a reason for the termination is a post-appointment reason.  *Von Deneen v. Department of Transportation*, 33 M.S.P.R. 420, 423, *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (Table); *see LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 9 (2016).  The administrative judge correctly found, however, that the agency also based its action on a pre-appointment reason, specifically, the appellant's failure to disclose information on a form during the application process.  ID at 5; *see James v. Department of the Army*, 55 M.S.P.R. 124, 126 (1992).  Because the agency action was based, in part, on pre-appointment reasons, the administrative judge properly considered whether the agency had complied with the procedural requirements set forth at 5 C.F.R. § 315.805(a)-(c).  ID at 5; *see* 5 C.F.R. §§ 315.805, 315.806(c).  Contrary to the appellant's arguments on review, the administrative judge correctly found that the appellant did not nonfrivolously allege that the agency failed to comply with the procedural requirements.  ID at 4-5.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.